Filed 6/4/26  Marriage of Wilson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of JENNIFER A. and JEFFREY WILSON. | |
| JENNIFER A. WILSON,<br><br>    Respondent,<br><br>        v.<br><br>JEFFREY WILSON,<br><br>    Appellant. | G065414<br><br>(Super. Ct. No. 22D008718)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Thomas J. Lo, Judge. Affirmed.

Jeffrey Wilson, in pro. per., for Appellant.

No appearance for Respondent.

\*        \*        \*

Appellant Jeffrey Wilson appeals the trial court's postjudgment order granting respondent Jennifer Wilson's request to be added as an owner of a 529 account set up for their son's education and awarding her monetary sanctions in the amount of $4,949.84 for appellant's repeated failure to timely pay expenses from the account. We find no error and affirm the court's order.[1]

## FACTS

In January 2025, respondent filed a request for order that she be added as an owner of the 529 account controlled by appellant due to his alleged failure to timely pay their son's college expenses. Respondent also sought monetary sanctions. Appellant, represented by counsel, opposed the requests.

In March 2025, after hearing argument from both parties, the trial court took note of a minute order dated May 8, 2023, which found appellant had been "[un]cooperative" on a previous occasion in "relinquishing funds from the 529 account." The court then granted respondent's request for order and imposed sanctions: "The [c]ourt finds [appellant]'s conduct frustrates the policy of the law which includes, among other things, the reduction of the cost of litigation and the encouragement of cooperation between the parties and attorneys. The [c]ourt orders sanctions against [appellant] in the amount of $4,949.84. The [c]ourt believes this amount is fair, just and reasonable in light of all circumstances and does not impose an unreasonable burden on [appellant]."

---

[1] On March 25, 2026, appellant filed a motion for late submission of exhibits. We hereby grant appellant's motion for late submission but note that the exhibits do not affect our conclusion.

## DISCUSSION

"'A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.'" (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) Therefore, "'"it is the appellant's responsibility to affirmatively demonstrate error"'" by "'"supply[ing] the reviewing court with some cogent argument supported by legal analysis and citation to the record."'" (*Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492, 497.) An appellate court is "not required to develop a party's argument for it" nor to independently "search the record" for legal issues. (*LAOSD Asbestos Cases* (2023) 87 Cal.App.5th 939, 955.) Furthermore, we hold pro per litigants to the same standards as those represented by legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984 ["[W]e make clear that mere self-representation is not a ground for exceptionally lenient treatment"].)

Here, appellant filed an opening brief in the form of a declaration which contains statements without any citations to the record. Appellant has not made any legally cognizable argument as to why the trial court's order was erroneous and has failed to cite any legal authority to support his request for reversal. Where, as here, an appellant offers no allegations to support his argument and no legal authority, "'there is no basis for finding the trial court abused its discretion . . . .'" (*Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 580.)

## DISPOSITION

The trial court's postjudgment order is affirmed. The parties are to bear their own costs on appeal.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, P. J.


DELANEY, J.